FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 10:32 am, Jul 20, 2020

# United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,

v.

MAMIE SMITH,

    Defendant.

CR 418-066

## ORDER

Before the Court is Defendant Mamie Smith's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), dkt. no. 28, motion for appointment of counsel, dkt. no. 29, and motion for custodial jail time credit, dkt. no. 30. For the reasons below, Smith's motions are **DENIED**.

## BACKGROUND

In May 2018, pursuant to a written plea agreement, Smith pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Dkt. Nos. 22, 23. In September 2018, the Court sentenced Smith to thirty-two months' imprisonment with the Bureau of Prisons ("BOP"), to be served consecutively to any sentenced imposed upon revocation of her probation in Liberty County Superior Court and consecutively to any sentence imposed on the pending unrelated state charges in Chatham County Superior Court. Dkt. No. 26. According to the BOP

website, Smith is "not in BOP custody," but she has a projected release date of June 18, 2022.

## LEGAL AUTHORITY

Smith now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. That statute reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In application note 1 to the policy statement, § 1B1.13, the Commission identifies the "extraordinary and compelling reasons"

2

that may justify compassionate release. See <u>United States v. Wilkes</u>, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>   (A) Medical Condition of the Defendant.—
>
>     (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>     (ii) The defendant is—
>
>       (I) suffering from a serious physical or medical condition,

>   (II) suffering from a serious functional or cognitive impairment, or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in

4

combination with, the reasons described in subdivisions (A) through (C).

## DISCUSSION

I. **Smith's Motion for Compassionate Release**

   a. **Exhaustion of Administrative Remedies**

Generally, before a prisoner can file a motion under 18 U.S.C. § 3582, she must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Smith presents a unique situation, however. After serving her state imprisonment term, she transitioned to federal custody (designated to FPC Alderson in West Virginia) when the COVID-19 pandemic caused the U.S. Marshals Service to halt prisoner transports and the BOP to stop accepting prisoners. Currently, Smith is incarcerated at the Baker County Jail in Macclenny, Florida, awaiting transport to a BOP facility. In other words, Smith is in federal custody but not in BOP custody.

Smith argues that she does not have to exhaust her administrative remedies because she has no Warden to whom she can send a compassionate release request. Dkt. No. 28. According to 28 C.F.R. § 542.10, the BOP's administrative remedy program "does not apply to inmates confined in other non-federal facilities."

It appears that administrative remedies are unavailable to Smith such that exhaustion is impossible. The Court will therefore consider Smith's bases for her compassionate release request.

### b. Extraordinary and Compelling Reason

Smith claims that "extraordinary and compelling reasons" justify her compassionate release. Smith's motion is largely based on the COVID-19 pandemic and concern for her health. She cites her medical conditions—diabetes and obesity—as the main reasons warranting her release; she also cites her rehabilitation efforts since being incarcerated. The Court finds, however, that these factors are not extraordinary and compelling. Though Smith does have significant medical conditions, she has neither alleged nor produced evidence to show that those conditions "substantially diminish[ her] ability . . . to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover," as required by 18 U.S.C. § 3582(c). See § 1B1.13 Policy Statement, Application Note 1.

## II. Smith's Motion for Appointment of Counsel

Smith also moves for appointment of counsel to review her case for compassionate release. Dkt. No. 29. That motion is also **DENIED**. There is no automatic constitutional right to counsel in post-conviction proceedings in a criminal case. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d

1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985); see also Barbour, 471 F.3d at 1227-32 (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel).

**III. Smith's Motion for Jail Time Credit**

On July 1, 2020, Smith sent a letter inquiring as to the credit she should receive toward her federal sentence for time spent in custody. Dkt. No. 30. The Court construes Smith's letter as a motion for credit toward her sentence of jail time served.

Before Smith was sentenced in this Court, she was in state custody for violating bond in pending state prosecutions. A writ was issued for her appearance in federal court on September 11, 2018 for sentencing. Afterward, Smith returned to state custody. On January 10, 2020, Smith pleaded guilty to both pending Chatham County cases and was sentenced to a total term of twenty-four months' imprisonment. She was credited for time served from March 22, 2016 to March 24, 2016; August 17, 2017 to December 6, 2017; and March 1, 2018 to January 10, 2020. Smith completed her state imprisonment term on March 9, 2020. She was transferred to federal custody and given jail time credit beginning March 10, 2020 through March 23, 2020. According to the BOP Sentry system, Smith's predicted good conduct release date is June 18, 2022.

The Court finds that Smith has received all pretrial detention jail credit she is due. In accordance with 18 U.S.C. § 3582(b), a

7

defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commences "that has not been credited against another sentence." Accordingly, Smith's motion for credit of time served, dkt. no. 30, is **DENIED**.

## CONCLUSION

For the reasons above, Smith's motions for compassionate release, dkt. no. 28, motion for appointment of counsel, dkt. no. 29, and motion for jail time credit, dkt. no. 30, are **DENIED**.

**SO ORDERED**, this ___20___ day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA